■ Lewis L. Delafield, Jr., et al., Constituting the Board of Public Welfare of the County of Nassau, et al., Respondents, v. Leo Arnstein, as Commissioner of Public Welfare of the City of New York, et al., Appellants.— Action to recover the cost of relief and care furnished to 13 persons residing in Nassau County, but having settlements in the City of New York. On motion by defendants for judgment on the pleadings, the complaint for reimbursement as to 10 of the aforesaid persons was dismissed, and judgment was granted to plaintiffs for reimbursement as to Caldwell, Montigriffo and Russo, the remaining three of said persons. The appeal is from so much of the order and the judgment entered thereon as grants recovery. Order and judgment modified by reducing the claim for reimbursement as to Caldwell to relief granted begin-

ning 30 days prior to February 24, 1942, as to Montigriffo to relief granted beginning 30 days prior to March 24, 1942, and as to Russo to care provided beginning 30 days prior to October 4, 1938, and 30 days prior to April 24, 1939. As so modified, order and judgment insofar as appealed from affirmed, without costs. The claim for Caldwell is for a period from July 1, 1937 to April 1, 1942. The first statutory notice (Social Welfare Law, § 123) served by plaintiffs for that period was dated February 24, 1942. The claim for Montigriffo is for a period from July 1, 1937 to March, 1942. The first statutory notice served by plaintiffs for that period was dated March 24, 1942. The claim for Russo is for a period from December, 1937 to May 31, 1940. The only statutory notices (Public Welfare Law, § 58) served by plaintiffs for that period were on October 4, 1938 and April 25, 1939 for hospital care. Plaintiffs may not recover for a period beginning more than 30 days prior to the date of the notice in each instance. (Social Welfare Law, § 123, subd. 3; Public Welfare Law, § 58, subd. 1.) The service of the statutory notice is a condition precedent to reimbursement. Plaintiffs may recover reimbursement only for the particular assistance specified in the notices served. Nolan, P. J., Beldock and Kleinfeld, JJ., concur. Murphy and Ughetta, JJ., dissent and vote to affirm, with the following memorandum: This action is brought under section 58 of the Public Welfare Law. The majority hold that service of the statutory notice is a condition precedent to reimbursement. Regardless of the sufficiency of the notices that were actually given, the conceded fact is that the defendants acknowledged that the persons to whom the plaintiffs furnished relief assistance had settlements in New York City. It is our opinion that defendants are therefore liable for the cost of such assistance. Settle order on notice.